UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-01900-SSS-DTBx | Date | August 11, 2025 |
| Title | WG Private Irrevocable Trust et al v. Marinaj Properties LLC et al. | | |

Present: The Honorable   SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED AND WHY THE COURT SHOULD NOT ISSUE A PRE-FILING ORDER**

This case relates to the same underlying California state court action, case number CVME2504043 in the Riverside County Superior Court of California. The state court action deals with property located at 31990 Pasos Places, Temecula, California (or, "the Property"). Defendant Kevin Realworldfare first removed this case to federal court on June 9, 2025, which came before this Court in *WG Private Irrevocable Trust et al v. Marinaj Properties LLC et al.*, case number 5:25-cv-01434-SSS-DTB.

This Court previously remanded the matter back to the Riverside County Superior Court on July 22, 2025, when this Court issued an order granting Plaintiff's Motion to Remand. [*See* Dkt. 70 in 5:25-cv-01434-SSS-DTB, "Prior Order"]. In the previous order remanding the case back to state court, this Court found Defendants' removal untimely under the statutory deadline. [*Id.* at 3]. Despite the order remanding the case, Defendant made four subsequent filings in that matter.

On July 23, 2025, Defendant filed another Notice of Removal for case number CVME2504043, bringing this case to this Court once again. [Dkt. 1]. There do not appear to be any changes to the factual circumstances that previously rendered Defendant's removal untimely. And since removing this case to federal court, Defendant has submitted additional filings for judicial notice unrelated to the merits of the case. [*See* Dkts. 10, 11, 12].

Courts may regulate the activities of litigants with abusive and lengthy histories by declaring them vexatious litigants and placing restrictions on their ability to file actions or papers with the court. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) (citing 28 U.S.C. § 1651(a)). Courts may issue prefiling orders that require the litigant to seek preapproval before future filings. *See id.* However, before issuing a prefiling order, the Court must: (1) ensure that the litigant is given notice of and opportunity to oppose the order; (2) create an adequate record for review by listing all cases and motions that support the conclusion that the litigant's activities were numerous or abusive; (3) make substantive findings as to the frivolous or harassing nature of the litigant's actions; and (4) ensure that the order is narrowly tailored. *Id.* at 1147–48.

The Court orders both parties to show cause as to why this case should not be remanded for untimely removal, and why this Court should not issue a prefiling order as to further filings in this matter as well as other matters before this Court involving the Property. Parties shall respond in writing on or before **August 15, 2025** at noon, and a hearing is set for **August 22, 2025 at 1:00 p.m.** via Zoom videoconference.

**IT IS SO ORDERED.**